IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-41353
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

ELEUTERO GALLEGOS-MORALES,

Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-97-CR-299-1
- - - - - - - - - -

January 25, 1999

Before EMILIO M. GARZA, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Eleutero Gallegos-Morales (Gallegos) appeals his conviction under 8 U.S.C. §§ 1326(a),(b), for being present in the United States, without permission, following deportation. Gallegos contends that the record of his rearraignment does not allow meaningful appellate review. He contends that we cannot evaluate his responses to the questions posed by the district court and cannot determine whether he understood the rights that he was waiving. Gallegos urges reversal of his conviction.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

A guilty plea involves the waiver of several constitutional rights; therefore, it must be intelligent and voluntary. *Boykin v. Alabama*, 395 U.S. 238 (1969). Rule 11, Fed. R. Crim. P., requires the district court to follow certain procedures in determining whether a defendant's guilty plea is made knowingly and voluntarily. We employ a two-part analysis in determining whether the district court has complied with Rule 11: 1) Did the sentencing court in fact vary from the procedures required by Rule 11, and 2) if so, did such variance affect substantial rights of the defendant? *United States v. Johnson*, 1 F.3d 296, 298 (5th Cir. 1993)(en banc).

Gallegos does not contend that the district court varied from the procedures required by Rule 11. He does not contend that his plea was not voluntary, that he did not understand the proceedings, or that he did not understand the nature of the charges or the potential sentence he faced. Gallegos does not identify a single error on the part of the district court. Accordingly, Gallegos conviction is affirmed.

AFFIRMED.